ELECTRONICALLY FILED
2013-May-21 16:20:26
60CV-13-2147

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

DENISE ISRAEL                                                                                    PLAINTIFF

VS.

SHELTER MUTUAL INSURANCE COMPANY
And RICHIE TANKSLEY                                                                     DEFENDANTS

## COMPLAINT

COMES the Plaintiff, by and through counsel, and for her Complaint, she states:

### PARTIES AND JURISDICTION

1.  Plaintiff is a resident and citizen of Arkansas, whose house burned. Defendant Shelter Mutual Insurance Company (Shelter herein) is the insurance company who issued the insurance on the house that burned, whose agent may be served in this County. Richie Tanksley (Tanksley) is a resident and citizen of Arkansas who is sued for constructive or actual fraud. This is also an action brought to recover insurance benefits and for bad faith. This Court has personal jurisdiction over the parties, as well as subject jurisdiction. Since Defendant Shelter may be served this County, venue is proper.

### GENERAL ALLEGATIONS OF FACT

2.  In July of 2010, Plaintiff's house burned.

3.  Acting within the scope of the apparent or express authority granted him by Shelter, Tanksley came out, inspected the home, and assured Plaintiff the house was a complete loss. He told Plaintiff that the claim would be promptly paid. But Tanksley knew this was untrue, and Defendants knew it was untrue. But Plaintiff relied on this statement to her detriment because she made no attempt to preserve the burned out shell that was her home. Defendants then embarked on a calculated course of conduct designed to evade a just obligation to the Plaintiff.

4.  However, Shelter failed to render a timely decision, in accordance with Regulation 43, promulgated by the Arkansas Insurance Commissioner, and Arkansas law.

1



5. Indeed, Shelter's reasons for not paying the claim shifted over time

6. Shelter first delayed paying the claim because it alleged Plaintiff's ex-husband was an insured on the policy and that he had burned the house. But Plaintiff's ex-husband had no insurable interest in the home.

7. Shelter also said that the delay in payment was because her ex-husband failed to sign papers. But this was a subterfuge.

8. Shelter forced Plaintiff to obtain a lawyer and obtain a Court ruling. Then, Shelter said it refused to pay because Plaintiff failed allegedly failed to protect the property from further loss. But Tanksely had told Plaintiff Shelter believed the house was a total loss, and Plaintiff relied on these representations to her detriment. Plaintiff was not told differently until August of 2012. Thus, Shelter has misrepresented coverage.

8. Nonetheless, through no fault of her own, Plaintiff's house burned, but Shelter refuses to pay the amount due under the policy.

9. The house was a total loss.

10. Plaintiff timely filed a claim for insurance benefits, but Shelter has refused to issue a timely denial. Plaintiff does not have a complete copy of the policy in her possession.

## COUNT I

11. Plaintiff re-alleges the foregoing as if fully set out herein.

12. At all times relevant, Shelter issued the Plaintiff a stated value insurance policy against Fire Loss. Shelter has failed to comply with the terms of the policy and Arkansas law in bad faith.

13. Plaintiff has incurred such a loss, but Shelter has refused to pay without legal reason. Shelter has refused to pay the home as a total loss and has refused to pay living expenses and attorney's fees Plaintiff has incurred.

14. Accordingly, Plaintiff sues for the amount due under the policy, plus statutory penalties, interest, fees and costs.

## COUNT II

15. Plaintiff re-alleges the foregoing against Shelter as if fully set out herein.

16. Failure to timely render a decision on a claim is an unfair claims handling practice.

17. It is Shelter's habit and routine to intentionally delay payment of claims involving large losses, misrepresent coverage, and subject its insureds to examinations by attorneys, in order to discourage claimants from obtaining insurance benefits rightfully due them.

18. Furthermore, Shelter's actions in this matter have been oppressive, such that Shelter's delay and misrepresentations is evidence of bad faith.

19. Shelter's actions have been so egregious so as to warrant the imposition of punitive damages.

## COUNT III

20. Plaintiff re-alleges the foregoing as if fully set out herein.

21. Plaintiff relied upon Tanksley to provide her with advice regarding proper insurance and her rights and responsibilities under the policy.

22. Tanksley, acting on behalf of Shelter, intentionally misled Plaintiff when he lead her to believe that Shelter considered the home to be a total loss.

23. Shelter then continued to mislead Plaintiff about the reasons for the nonpayment of her claim.

24. Acting within the scope of the apparent or express authority granted him by Shelter, Tanksley came out, inspected the home, and assured Plaintiff the house was a complete loss. He told Plaintiff that the claim would be promptly paid. But Tanksley knew this was untrue, and Defendants knew it was untrue. But Plaintiff relied on this statement to her detriment because she made no attempt to preserve the burned out shell that was her home.

25. Plaintiff has incurred living expenses as a result, incurred damages to her home, been denied coverage to which she was entitled.

26. Each Defendant's actions deserve punitive damages.

WHEREFORE, Plaintiff prays for an Order awarding Plaintiff the amount due under the policy, for punitive damages in excess of $75,000.00, for statutory penalties, for interest, attorney's fees, for trial by jury, and for all other proper relief.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P. O. Box 2012
Benton, Arkansas 72015
(501) 315-1910 FAX 501-315-1916
Attorneys for the Plaintiff

By: /s/*Luther Sutter*
Luther Oneal Sutter, Ark. Bar No. 95031
*Luthersutter.law@gmail.com*