**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**DENISE ISRAEL**                                                                                          **PLAINTIFF**

**v.**                                           **Case No. 4:13-cv-00587-KGB**

**SHELTER MUTUAL INSURANCE COMPANY**
**and RICHIE TANKSLEY**                                                              **DEFENDANTS**

<u>**ORDER**</u>

On October 7, 2013, separate defendant Shelter Mutual Insurance Company ("Shelter")

filed notice of removal of this action from the Circuit Court of Pulaski County, Arkansas, to this

Court (Dkt. No. 1).  Before the Court is plaintiff Denise Israel's motion to remand back to state

court (Dkt. No. 6).  For the reasons that follow, the Court grants Ms. Israel's motion to remand.

**I.        Factual Background And Procedural Posture**

On May 21, 2013, Ms. Israel filed her complaint in the Circuit Court of Pulaski County,

Arkansas (Dkt. No. 2).  Shelter and Richie Tanksley are named as defendants.  The parties do not

dispute that Ms. Israel is a resident and citizen of Arkansas, Shelter is a Missouri corporation

with its principal place of business in Columbia, Missouri, and Mr. Tanksley is a resident of

Arkansas County, Arkansas (Dkt. No. 1).

In July of 2010, Ms. Israel's house burned down.  Shelter is the insurance company that

issued insurance on the house that burned.  Ms. Israel claims that Mr. Tanksley, acting within the

scope of the apparent or express authority granted him by Shelter, inspected the home, assured

her the house was a complete loss, and told her the claim would be promptly paid.  However,

according to Ms. Israel, Mr. Tanksley and Shelter knew that her claim would not be promptly

paid, and Ms. Israel relied on the untrue statement to her detriment, as "she made no attempt to

preserve the burned out shell that was her home" (Dkt. No. 2).

Shelter removed this case pursuant to 28 U.S.C. § 1441(a) and (b).  It claims this Court has diversity jurisdiction under 28 U.S.C. § 1332 because the action is between citizens of different states and the matter in controversy exceeds $75,000.  Complete diversity exists, Shelter contends, because Mr. Tanksley is fraudulently joined, which allows the Court to ignore his citizenship.  In Ms. Israel's motion to remand, she responds that Mr. Tanksley is not fraudulently joined, and thus, complete diversity, along with this Court's jurisdiction, is defeated—which would require the Court to remand this case back to state court.

**II.    Analysis**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction over all civil actions in which the amount in controversy exceeds $75,000.00 and is between citizens of different states.  *Id.* § 1332.  The statute requires complete diversity between the parties.  *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C § 1447(c).

The removing party has the burden to show, by a preponderance of the evidence, that removal was proper.  *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005).  Federal courts are required to "'resolve all doubts about federal jurisdiction in favor of remand' and are strictly to construe legislation permitting removal."  *Dahl v. R.J. Reynolds Tobacco Co.*, 478

F.3d 965, 968 (8th Cir. 2007) (quoting *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)).

Although diversity jurisdiction exists only when there is complete diversity, an exception to that rule allows a federal district court to "retain jurisdiction where the nondiverse defendant has been fraudulently joined." *Junk*, 628 F.3d at 445. "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (citing *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983)). A district court's "essential function" in a fraudulent joinder analysis is to "determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003). Accordingly, to establish that a diversity-destroying defendant was fraudulently joined and that the federal district court has diversity jurisdiction over the action, the defendant seeking removal must "prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 977 (8th Cir. 2011) (quoting *Filla*, 336 F.3d at 810). This standard requires the defendant "to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Id.* at 980.

Ms. Israel alleges fraudulent misrepresentation on the part of Mr. Tanksley. Shelter argues that this claim has no reasonable basis in fact or law because Ms. Israel fails to allege two of the five elements of the tort of fraud: justifiable reliance upon the representation and damage suffered as a result of the reliance. *Moss v. Am. Alt. Ins. Corp.*, 420 F. Supp. 2d 962, 965 (E.D. Ark. 2006) (citing *Tyson Foods, Inc. v. Davis*, 66 S.W.3d 568, 577 (Ark. 2002)). If Ms. Israel

did not so allege, she has failed to plead fraud with particularity as required by both Arkansas

Rule of Civil Procedure 9(b) and Federal Rule of Civil Procedure 9(b).

To begin, the Court is not convinced that Ms. Israel failed to plead justifiable reliance and

resulting damage.  *See Fille v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (holding that "where the

sufficiency of the complaint against the non-diverse defendant is questionable, 'the better

practice is for the federal court not to decide the doubtful question in connection with a motion to

remand but simply to remand the case and leave the question for the state courts to decide'"

(quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)));

*Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) ("The relevant inquiry in analyzing

fraudulent joinder . . . focuses only on whether a plaintiff 'might' have a 'colorable' claim under

state law against a fellow resident, not on the artfulness of the pleadings." (internal citation

omitted)).  Ms. Israel alleged in her complaint that she relied on Mr. Tanksley's statements "to

her detriment because she made no attempt to preserve the burned out shell that was her home"

(Dkt. No. 2, at 3).

Shelter also points out that, under Arkansas law, an agent acting within the scope of his

authority on behalf of a disclosed principal typically cannot be held personally liable.  *See, e.g.*,

*First United, Inc. v. Chi. Title Ins. Co.*, 237 S.W.3d 15, 19 (Ark. 2006) ("An agent that acts

within the scope of its authority for a disclosed principal is not liable on an insurance contract.");

*McCullough v. Johnson*, 816 S.W.2d 886, 888 (Ark. 1991); *Ferguson v. Huddleston*, 186 S.W.2d

152, 154 (Ark. 1945); *Grayson & Grayson, P.A. v. Couch*, 388 S.W.3d 96, 104 (Ark. Ct. App.

2012).  Moreover, district courts ignore such an agent's citizenship when joined as a defendant.

*See Linville v. ConAgra Inc.*, No. 1:04-cv-00004-WRW, 2004 WL 3167119, at * (E.D. Ark.

2004) (ignoring an agent's citizenship when joined as a defendant in a promissory estoppel claim

because "[i]t is well-settled in Arkansas that 'an agent is not personally liable on contracts made for a disclosed principal in the absence of an express agreement to be bound'" and other courts "have concluded that 'promissory estoppel claims are not viable against an agent for a disclosed principal'"). However, this principle appears not to apply for an agent's bad-faith fraudulent misrepresentation, even when that statement was authorized by the principal. *See Brooks v. Smith*, 220 S.W.2d 801, 803 (Ark. 1949) ("Of course an agent may be held responsible for making a statement which he has reason to know to be fraudulent."); *Mayhue v. Matthews*, 294 S.W. 364, 365 (Ark. 1927); *Cleveland v. Biggers*, 260 S.W. 432, 434 (Ark. 1924); *Strout Realty, Inc. v. Burghoff*, 718 S.W.2d 469, 473 (Ark. Ct. App. 1986) ("If the agent making the statement does not act in good faith, then he may be held liable, even when his agency is known and he acts under the authority granted him.").

Here, Ms. Israel expressly alleges that Mr. Tanksley, in making the alleged fraudulent misrepresentation, acted "within the scope of the apparent or express authority granted him by Shelter" but "knew this was untrue," thus intentionally misleading her (Dkt. No. 2, at 1). Accordingly, Ms. Israel alleges bad faith on the part of Mr. Tanksley. Based on this and the cases cited above, the Court finds that there is a reasonable basis in fact and law supporting Ms. Israel's claim of fraudulent misrepresentation against Mr. Tanksley.

Because Mr. Tanksley is not fraudulently joined, complete diversity of citizenship is lacking. The Court grants Ms. Israel's motion to remand (Dkt. No. 6) and denies as moot her motion to vacate order of dismissal (Dkt. No. 5).

SO ORDERED this 11th day of April, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT COURT